UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

EDDIE RAY.

    Plaintiff,

v.                                Case No.    5:02-Cv-316-Oc-10GRJ

ROBERT E. LOWDER, etc., et al.,

    Defendants

---

## REPORT AND RECOMMENDATION[1]

Pending before the Court, on an Order of Reference (Doc. 14), are Defendant Lowder's Motion To Quash And To Enjoin Ray From Filing And Recording Further False Pleadings Against Lowder And/Or Colonial Bank, Its Employees, Subsidiaries Or Affiliates And Supporting Memorandum of Law (Doc. 11) and Defendant's Supplement to the motion. (Doc. 12.) Plaintiff has not filed a response to the motion. In order to give the Plaintiff a further opportunity to present his position to the Court oral argument was held on April 21, 2003. Despite notice having been sent to the Plaintiff the Plaintiff did not appear at the hearing. Accordingly, this matter is now ripe for resolution. For the reasons discussed below, Defendant's Motion To Quash and to Enjoin are due to be **GRANTED**.

---

[1] Specific written objections may be filed in accordance with 28 U.S.C. §636, and Rule 6.02, Local Rules, M.D. Fla., within ten (10) days after service of this report and recommendation. Failure to file timely objections shall bar the party from a *de novo* determination by a district judge and from attacking factual findings on appeal.

)                                    )

## I. BACKGROUND

This case stems from the filing of a frivolous claim by Plaintiff, proceeding *pro se*, against Robert Lowder, the President of Colonial Bank, and against "Bob" Wenzel, the acting commissioner of the Internal Revenue. The gist of Plaintiff's claim against Lowder concerns two bank accounts at Colonial Bank in the name of "American Rights Litigators," which Colonial Bank froze in response to the service of a Notice of Levy by the Internal Revenue Service ("IRS"). For the reasons explained in detail in the Court's Report and Recommendation, entered on January 14, 2003 (Doc. 10), the undersigned recommended that the action be dismissed. On March 4, 2003 the action was dismissed with prejudice as to both Wenzel and Lowder. (Doc. 14.) Entry of judgment was withheld by the Court pending resolution of the instant motion.

In the current motion, Defendant Lowder represents that Plaintiff has filed various papers in the public records of Lake County, Florida and various pleadings in the Circuit Court of Lake County, Florida that are false, without legal or factual support and are contrary to the rulings by this Court. These sham documents include: (1) a Public Notice of Entry of Default Judgment and Default Judgment against Lowder, filed and recorded in Lake County on January 15, 2003,[2] (2) a "Public Notice of Entry of Writ of Error and Writ coram vobis," against Lowder, filed

---

[2] Doc. 11, Exs. "E" and "F."

2

) )

and recorded in Lake County on January 15, 2003,[3] (3) an Amended Verified Petition to Quiet Title and Request for Bill of Quia Timet, filed in the Circuit Court in and for Lake County, Florida on January 30, 2003,[4] and (4) a Request for Ex-parte Hearing and Issuance of a Bill of Quia Timet, also filed in the Circuit Court in and for Lake County, Florida on January 30, 2003.

Defendant requests that the Court: (1) enter an order enjoining Plaintiff from filing or recording any further, pleadings, lawsuits or papers against him or against Colonial Bank and its employees, subsidiaries or affiliates, (2) declare the Public Notice of Entry of Default Judgment, Default Judgment and Public Notice of Entry of Writ of Error and Writ coram vobis to be null, void and of no further force and effect, and (3) award Defendant his reasonable attorneys' fees and costs incurred in obtaining this order.

## II. **DISCUSSION**

The Court will first address Defendant's request for an injunction.

Generally, when dealing with a request for injunctive relief the traditional standards apply. These standards require the moving party to satisfy the following four prerequisites: (1) success on the merits, (2) a substantial threat the movant will suffer irreparable injury if the injunction is not granted, (3) the threatened injury to the movant outweighs the threatened harm the injunction may cause the

---

[3] *Id.,* Exs. "G" and "H."

[4] Doc. 12, Ex. "A."

3

)                              )

opposing party, and (4) granting the injunction will not disserve the public interest.[5]

These traditional standards do not apply, however, to the issuance of an injunction against a vexatious litigant.[6] Instead, "[a] history of litigation entailing 'vexation, harassment and needless burden on the courts and their supporting personnel' is enough."[7] In making the determination whether the litigant's conduct is sufficient to justify the entry of what is referred to as a Martin-Trigona order,[8] the following factors provide guidance: (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits, (2) the litigant's motive in pursuing the litigation, e.g. does the litigant have an objective good faith expectation of prevailing, (3) whether the litigant is represented by counsel, (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel, (5) whether other sanctions would be adequate to protect the courts and other parties.[9]

Applying these factors to Plaintiff's past actions with regard to the notice of levy by the IRS leads the Court to conclude that an appropriate order is required in order to protect the Court and the Defendant from any future efforts by Plaintiff to

---

[5] *See,* Warren Publ'g., Inc. v. Microdos Data Corp., 115 F.3d 1509, 1516 (11th Cir. 1997).

[6] *See,* In re Martin-Trigona, 737 F.2d 1254, 1262 (2nd Cir. 1984).

[7] *Id.*

[8] *See,* Martin-Trigona v. Shaw, 986 F.2d 1384 (11th Cir. 1993).

[9] Safir v. United States Lines, Inc., 792 F.2d 19, 24 (2nd Cir. 1986), *cert denied,* 479 U.S. 1099, 107 S.Ct. 1323, 94 L.Ed.2s 175 (1987).

)                                    )

abuse the legal system.

While the Plaintiff is not accused of filing hundreds of vexatious suits, as was the situation in the Martin-Trigona litany of cases, there is, nonetheless, a documented history by this Plaintiff of abusing the legal system with regard to this one notice of levy by the IRS. On June 27, 2002 a case was commenced in the United States Bankruptcy Court for the Middle District of Florida, Case No. 02-06067-3F1 in the name of American Rights Litigators, a business trust. The Plaintiff identified himself as the Executive Trustee of American Rights Litigators and demanded return of the monies in the frozen bank accounts. Colonial Bank filed a motion in the bankruptcy proceeding requesting a ruling by the Court as to the proper disposition of the accounts. While that issue was pending before the bankruptcy court, the Plaintiff individually, filed this action requesting injunctive relief in the form of an order mandating the return of the monies, which had been frozen by virtue of the IRS' Notice of Levy. After this Court dismissed the case due to the lack of subject matter jurisdiction and due to the frivolous nature of the claims, the Plaintiff prepared a bogus "Notice of Entry of Default Judgment," and proceeded to record the bogus Default Judgment and other related papers in the public records of Lake County, Florida. Subsequently, the Defendant initiated a frivolous lawsuit in state court based on the same frozen accounts.

Moreover, throughout the proceedings in this case, the Plaintiff has filed

voluminous irrelevant and immaterial papers[10] and has re-filed virtually every order or notice issued by this Court marked with the statement "Refused For Cause."

The sum total of all of these filings evidences a history - at least with regard to the IRS' Notice of Levy on the bank accounts at Colonial Bank - of filing harassing and duplicative papers.

With regard to the motive behind the filing of these papers, it is apparent to the Court that the Defendant does not have an objective good faith belief of prevailing but rather has filed these papers solely to cause the Defendants (and the Court) to expend needless time and incur expense. Indeed, the fact that the Plaintiff prepared a bogus Default Judgment - after the Court had issued its order dismissing this case - is strong evidence that the Plaintiff does not have a legitimate motive to support his actions.

One of the most important factors that the Court must consider in determining whether to issue a *Martin-Trigona* order is whether the litigant's actions have caused needless expense to other parties or has posed an unnecessary burden on the Court and its personnel. On this score the result of Plaintiff's actions is most telling. As a result of the filing of this frivolous lawsuit and the continued filing of irrelevant materials and a bogus default judgment - both in this court as well as in state court - the Defendants have been forced to defend

---

[10] For example, the Plaintiff has filed a document entitled "Asservation In Support of Evidence Repository" (Doc. 17), in which the Plaintiff contends that he has the right to use the court file as some type of personal filing cabinet for whatever papers the Plaintiff wishes to file, regardless of whether the papers have anything to do with this case.

)                                    )

this case, obtain the dismissal of the case and then have been forced to pursue legal action to remove the bogus Default Judgment prepared and filed by the Plaintiff. The Court also has been forced to deal with the numerous irrelevant and frivolous flings by the Plaintiff, which has caused the Court and its personnel to waste their time and resources dealing with Plaintiff's filings. The net result of the Court being forced to deal with these filings has been to divert the Court's attention from other pressing matters on its growing and busy docket. Because of this burden created by Plaintiff - and the continued burden if Plaintiff is not curtailed - there are compelling reasons for the entry of a modified *Martin-Trigona* order.

Federal Courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions, subject of course to the limitation that a litigant cannot be completely foreclosed from any access to the courts.[11] In keeping with this mandate, the Court concludes that there are sufficient reasons to support the entry of an order placing limited restrictions on the Plaintiff from filing any further papers in federal court, including this case, which relate to or concern Colonial Bank's freezing of the accounts of American Rights Litigators pursuant to the IRS notice of levy. So as not to deny the Plaintiff access to the Courts, but in order to curtail the type of conduct detailed in this report and recommendation, the Plaintiff should be

---

[11] *See,* Procup v. Strickland, 792 F.2d 1069 (11th Cir. 1986).

)                                            )

enjoined from filing any further papers in this case or in any other federal court, against Colonial Bank, or Robert Lowder which are based upon the same factual circumstances involved in the freezing of the subject accounts pursuant to the notice of levy, unless permission is obtained from a judicial officer after the papers have been presented for review to a judicial officer to determine whether the papers have any legal merit or basis.

The Defendants have also requested that the Court enter an order declaring that the bogus Notice of Entry of Default Judgment and Default Judgment are null and void and of no further effect. While the Court does not have the authority to remove the bogus Default Judgment from the public records maintained by the Clerk in Lake County, the Court does have the authority under the All Writs Act, 28 U.S.C. § 1651(a), to enter an order directed at conduct, which if left unchecked, would have the practical effect of diminishing the Court's power to exercise its jurisdiction.

Here, because there has been no judgment entered in this case by the Court or the Clerk, and all of the claims were dismissed because of a lack of subject matter jurisdiction and the lack of any merit in the claims, the Default Judgment prepared by Plaintiff is bogus and is an attempt by the Defendant to fashion his own conclusion to this case in a manner directly at odds with the Court's decision that the case should be dismissed. Accordingly, it is necessary for the Court to enter an order confirming that the bogus Default Judgment is null and void and of

no effect.[12]

Lastly, the Defendant requests that the Court award him the reasonable attorney's fees and costs incurred in connection with the filing of this motion. While the Court has concluded that the Plaintiff has filed meritless and frivolous papers in this case, and elsewhere, the Defendant does not rely upon any rule or statutory basis for the award of fees and costs. Accordingly, in the absence of a request based upon an applicable rule[13] or statute[14] - and in an effort to bring this case to a final conclusion - the Court declines at this time to award fees and costs.

### III. RECOMMENDATION

In view of the foregoing, it is respectfully **RECOMMENDED** that: (1) Defendant Lowder's Motion To Quash And To Enjoin Ray From Filing And Recording Further False Pleadings (Doc. 11) be **GRANTED** to the extent specified in this report and recommendation; (2) the Court enter an order enjoining the Plaintiff Eddie Ray on his own behalf or on behalf of any entity from filing any further papers in this proceeding and from filing any papers in any other federal court that

---

[12] In order to clear title, if necessary, Defendants can file in the state public records this Court's order declaring the Default Judgment to be null and void.

[13] Although Plaintiff's conduct may satisfy the standards in Rule 11, Fed. R. Civ. P., the Defendant has not alleged that it has satisfied the notice requirements in Rule 11(c)(1)(A). Therefore, the Court is not authorized to award sanctions under Rule 11, unless the Court on its own initiative was to issue a show cause order, which the Court declines to do so here.

[14] Similarly, although 28 U.S.C. § 1927 sanctions may have been appropriate for vexatiously multiplying these proceedings, this provision only applies to conduct by an attorney or other person authorized to conduct cases in federal court. Here, the Plaintiff is not an attorney and is proceeding *pro se.*

are based on the factual circumstances concerning the notice of levy by the IRS on those certain banks accounts maintained at Colonial Bank in the name of American Rights Litigators, unless the papers have been first reviewed by and approval for filing given by an appropriate judicial officer; and (3) the Court enter an order declaring that the Public Notice of Entry of Default and Default Judgment, dated January 15, 2003 and executed by Eddie Ray are null and void and of no effect.

**IN CHAMBERS** at Ocala, Florida on this 29th day of August, 2003.

GARY R. JONES
United States Magistrate Judge

Copies to:
    Honorable Wm. Terrell Hodges
    Senior United States District Judge

    All counsel of record
    *Pro Se* Plaintiff

F I L E   C O P Y

Date Printed: 09/02/2003

Notice sent to:

    ___  Eddie Ray
         25525 State Road 46, Suite 1
         Mount Plymouth, FL  32776

         5:02-cv-00316    ail

    ___  John Michael Brennan, Esq.
         Gray, Harris & Robinson, P.A.
         301 E. Pine St., Suite 1400
         P.O. Box 3068
         Orlando, FL  32802-3068

         5:02-cv-00316    ail

    ___  Scott W. Spradley, Esq.
         Gray, Harris & Robinson, P.A.
         301 E. Pine St., Suite 1400
         P.O. Box 3068
         Orlando, FL  32802-3068

         5:02-cv-00316    ail

    ___  Scott M. Grossman, Esq.
         U.S. Dept. of Justice
         Tax Division
         Ben Franklin Station
         P.O. Box 14198
         Washington, DC  20044

         5:02-cv-00316    ail